# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DARNELL WHITNER, *aka* "Skeet,"<br><br>    Defendant. | No. CR05-3008-MWB<br><br>**ORDER** |

    This matter is before the court on motion of the defendant Darnell Whitner for release pending sentencing. On June 3, 2005, Whitner was convicted of two counts of distributing a total of 2.01 grams of "crack" cocaine. The court held a hearing on Whitner's motion on June 6, 2005. U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"), and Whitner appeared in person with his attorney, Robert Tiefenthaler.

    The statutes prescribe a somewhat circuitous route by which the court must arrive at a decision regarding whether a defendant may be released from custody pending sentencing. In the first instance, the court looks to the requirement that, except in certain specific circumstances, persons found guilty of drug offenses who are awaiting imposition of sentence must be detained. *See* 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(a)(C); *see also United States v. Vallie*, 2001 WL 627432 at *2 (D.N.D. 2001) (strong presumption of mandatory detention following conviction of drug crime, "subject only to a very limited exception") (citing *United States v. Rodriguez*, 50 F. Supp. 2d 717, 719 (N.D. Oh. 1999)); *United States v. Bonavia*, 671 F. Supp. 752 (S.D. Fla. 1987) (citing legislative history behind mandatory detention statute for proposition that Congress

"favor[s[]] incarceration upon conviction"). The statute specifies that such persons must be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

In the present case, neither of the exceptions set forth in subparts (A)(i) and (A)(ii) applies, so the determination of risk of flight and danger to the community does not come into play under section 3143(a)(2). Thus, considering only subsection 3143(a)(2), Whitner must be detained.

However, the analysis does not stop here. Section 3145(c) provides that when a person is subject to detention under section 3143(a)(2), such person "may be ordered released, under appropriate conditions, by the judicial officer," if two requirements are met. First, the court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a), referenced in 18 U.S.C. § 3143(c). Second, the person must show the existence of "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3143(c). *See United States v. Garcia*, 340 F.3d 1013, 1015 n.2 ("Section 3145(c) . . . applies to defendants seeking release pending sentencing as well as to those seeking release pending appeal.") *See also United States v. Luisa*, 266 F. Supp. 2d 440, 446 (W.D.N.C. 2003) (to qualify for

release pursuant to "exceptional reasons exception," defendant need not meet requirements of 3143(a)92)(i) or (ii)). Cf. *United States v. Hamilton*, 64 F.3d 670, slip op. (10th Cir. 1995) ("Release under 3145(c) [pending appeal] requires that a defendant first meet the requirements of 3143(b)(1).. . .").

The undersigned previously found, by clear and convincing evidence, that Whitner did not pose a danger to any other person or the community. The undersigned further found, by a preponderance of the evidence, that Whitner did not pose a flight risk. Although, having been convicted, the burden has shifted to Whitner to prove by clear and convincing evidence that he is not a flight risk or a danger to persons or the community, *see United States v. Bonavia*, 671 F. Supp. 752, 753 (S.D. Fla. 1987), the court notes Whitner was placed on pretrial release and he, in fact, did not flee. He faces the possibility of a brief prison sentence, and the high probability of a much longer sentence if he flees at this stage in the proceedings. In addition, Whitner is the father of a six-week-old baby for whom he provides child care. On these facts, the court finds, by clear and convincing evidence, that Whitner is not a flight risk.

The remaining question, therefore, is whether Whitner has shown exceptional reasons to justify his release pending sentencing. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has ruled on the issue of what constitutes the requisite "exceptional reasons" to justify release pending sentencing or appeal. Few courts have considered the issue, and most of those have considered it in the context of release pending appeal, rather than pending sentencing. *See Garcia*, 340 F.3d at 1018 (citing cases); *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003) (citing cases). Moreover, as noted by the Ninth Circuit Court of Appeals, a plain reading of the statute provides little, if any, help, and even the legislative history is "'sparse and

uninformative.'" *Garcia*, 340 F.3d at 1016 (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)).

What seems clear is the congressional intent that courts have broad discretion in considering all of the circumstances of each case, including the district court's familiarity with the full record and the particular defendant. *See Garcia*, 340 F.3d at 1019, 1021. Thus, although various courts have arrived at different conclusions as to whether specific factual situations constitute the requisite exceptional circumstances, most have been quick to add that none of those circumstances warrants a bright line rule in favor of, or disfavoring, release of a defendant pending sentencing. *See, e.g.*, *Garcia*, 340 F.3d at 1018-19 ("While we offer some guidance today, we place no limit on the range of matters the district court may consider."); *Green*, 250 F. Supp. 2d at 50 (cited factors are "guiding principles" and not "exhaustive or binding"; "In light of the discretion granted to the courts by Congress, in each case the factors should be accorded varying weight and no one factor shall be determinative.") (citing *DiSomma*, 951 F.2d at 497, holding district courts maintain "full exercise of discretion in these matters").

In the present case, Whitner argues the following facts constitute exceptional circumstances justifying his release pending sentencing: (1) Whitner is the father of a new baby for whom he provides child care while the child's mother attends college four hours per day; (2) Whitner and the child's mother do not have the resources to pay for child care at this time; (3) although in no way a certainty, it appears Whitner likely may receive a short prison sentence, and he could even receive probation on the current conviction[1]; (4) on this record, it appears there are some irregularities in the evidence presented against Whitner at trial which, in the Government's representation at the

---

[1] *Cf. Garcia*, 340 F.3d at 1013 ("[T]he primary purpose of the Mandatory Detention Act – to incapacitate violent people – is only weakly implicated where the sentence imposed is very short. . . .").

4

detention hearing, involve "very cloudy" factual issues that "need to be flushed out regarding what happened and who knew about it." Each of these factors, taken singly, would not justify Whitner's presentence release. However, viewing the totality of the circumstances and the court's familiarity with the defendant and the case, the court finds Whitner has met his burden to show exceptional circumstances justifying release pending sentencing.

Accordingly, the court orders Whitner released on bond, with conditions of release to be established by U.S. Probation.

**IT IS SO ORDERED.**

**DATED** this 6th day of June, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT